**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AUGUSTINO SMITH | : | |
| | : | |
| Petitioner, | : | Civ. No. 12-2932 (DRD) |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| WARDEN OF ESSEX COUNTY JAIL, | : | |
| UNITED STATES ATTORNEY FOR THE | : | |
| DISTRICT OF NEW JERSEY, UNITED | : | |
| STATES MARSHAL FOR THE DISTRICT | : | |
| OF NEW JERSEY, ATTORNEY | : | |
| GENERAL FOR THE STATE OF NEW | : | |
| JERSEY, and/or whomever may have the | : | |
| custody of the body of AUGUSTINO | : | |
| SMITH, | : | |
| | : | |
| Respondents. | : | |
| _____ | : | |

Robert J. Olejar, Esq.
Olejar & Olejar, L.L.P.
11 Morey Lane
Randolph, New Jersey  07869-4628
    *Attorney for Petitioner*

Keith E. Hoffman, Esq.
Senior Assistant Prosecutor
Passaic County Prosecutor's Office
Administration Building, 7th Floor
401 Grand Street
Paterson, New Jersey 07505
    *Attorney for Passaic County*

Paul J. Fishman
United States Attorney
By:    Peter G. O'Malley
        Assistant U.S. Attorney

1

970 Broad Street, Suite 700
Newark, New Jersey 07102
        *Attorney for United States Attorney (N.J.) and*
        *United States Marshal (N.J.)*

**Debevoise, Senior District Judge**

Petitioner, Augustino Smith, filed a petition for a writ of habeas corpus alleging that he was unlawfully imprisoned in violation of the Constitution of the United States. The petition arose in the context of an unusual state of facts.

On October 6, 1997, Petitioner pled guilty in New Jersey Superior Court to one count of possession of a controlled dangerous substance with intent to distribute and two counts of robbery. In his petition, Petitioner, a citizen of Jamaica who had lived in the United States with his family since eight years of age, alleged that at no time was he advised of the immigration consequences of his plea, i.e., deportation to Jamaica, and that he would never have pled guilty had he been aware of these consequences.

Petitioner was sentenced on both the robbery and the CDS counts and commenced serving his sentence. On September 21, 1999, an immigration judge ordered Petitioner to be removed from the United States to Jamaica. The New Jersey State Parole Board paroled Petitioner into the custody of the INS, which deported him to Jamaica on January 26, 2002. On November 7, 2010, Petitioner was arrested for unlawful reentry into the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2), after having been deported and removed from the United States as a consequence of his guilty plea to aggravated felonies under New Jersey law.

Petitioner was arraigned before Judge Wigenton on November 10, 2010. On November 8, 2010, he had been remanded to the United States Marshal's Service ("USMS"). He was

housed by the USMS at the Essex County Jail pursuant to an Intergovernmental Agreement.  He is presently in custody awaiting trial.

On January 26, 2011, Petitioner filed a Motion for Post-Conviction Relief ("PCR") in New Jersey Superior Court, seeking to withdraw his plea to the State court convictions on the ground of ineffective assistance of counsel, the failure to advise him of the immigration consequences of his guilty plea, in violation of Padilla v. Kentucky, 559 U.S. ___, 130 S. Ct. 1473 (2010).  On April 27, 2012 the New Jersey Superior Court denied Petitioner's PCR Motion without an evidentiary hearing.  The Court followed the holding of the New Jersey Supreme Court in State v. Gaitan, 209 N.J. 339 (2012) that Padilla is not to be applied retroactively by New Jersey State Courts.  This is in conflict with the Court of Appeals decision in United States v. Orocio, 645 F.3d 630 (3d Cir. 2011), which held that Padilla is to be applied retroactively.

On May 16, 2012, Petitioner filed the instant habeas corpus petition in this Court.

The government responded by letter, dated June 29, 2012.  It noted that the detention in question is part of the pending federal case and is unrelated to any current immigration proceeding.  The letter further noted that the United States Attorney for the District of New Jersey is not a custodian of Petitioner and all claims against him should be dismissed.  The government argued that, under § 2254, the only proper parties are state (not federal) officials having custody over the petitioner.  "Accordingly, the appropriate state officials will be responsible for addressing the merits of Petitioner's section 2254 claims."  Addressing Petitioner's reliance on 28 U.S.C. § 2241, the government's letter stated: "This hope for eventual relief from [the State court] convictions at some unknown date does nothing to change the finality of Smith's removal orders, nor does it provide a basis for his release other than what he could apply for in the context of his pending criminal case."

3

Finally, the government argued that "[u]nder the current circumstances surrounding this case, Smith still is under a final, unchallenged removal order that has in fact been executed.  In the Third Circuit, under <u>Pinho v. Gonzales</u>, 432 F.3d 193 (3d Cir. 2005), it is indeed the case that, where an alien's prior conviction has been vacated on the basis of a defect in the criminal proceedings, there is no longer a conviction, for immigration purposes.  432 F.3d at 210.  But it would be premature for Petitioner to invoke the logic of <u>Pinho</u>, which does not apply here, because Smith cannot yet show that his conviction has been vacated."

The State of New Jersey, through the Passaic County Prosecutor's Office, answered the Petition on September 18, 2012 contending that 1) Petitioner was not in the custody of the State of New Jersey as required by 28 U.S.C. § 2254(a); and 2) because Petitioner never filed a direct appeal or a timely PCR motion in the New Jersey Superior Court, his time for filing a petition for a writ of habeas corpus expired on January 25, 1999 – one year and 45 days after he was sentenced, pursuant to 28 U.S.C. § 2244(d).  The State's letter brief stated that "[i]n the interest of efficiency, therefore, the state limited its argument to these two procedural threshold issues." The Court issued an opinion, dated November 5, 2012, that found that, even though in 1997 State counsel's performance was ineffective under <u>Strickland</u> and <u>Padilla</u> principles, Petitioner cannot receive relief in his present petition.  Because neither Passaic County nor any of the other remaining Respondents other than the United States Marshal had custody of the Petitioner, none are subject to a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  Nor is the United States Marshal subject to a writ pursuant to 28 U.S.C. § 2241(c)(3) as Petitioner is in custody (on the order of another federal judge) for his unlawful return to the United States following deportation. The petition was dismissed.

The government wrote in regard to the opinion that it sought "to address what appeared to be inadvertent mistakes" and suggested four categories of corrections to the opinion. The petitioner moved for reconsideration. The Court withdrew its opinion from publication and informed the government and Petitioner that it would treat their communications as motions for reconsideration, inviting the Passaic County Prosecutor's Office to submit any comments it might have.

The essence of Petitioner's argument is that the Court improperly failed to apply binding Third Circuit Court of Appeals law when it found that, on the basis of a pending appeal of a decision of another Court of Appeals, it was premature to decide whether Petitioner is in the custody of the United States in violation of the Constitution or laws of the United States.

In United States v. Orocio, 645 F.3d 630 (3d Cir. 2011), the Court of Appeals held that Padilla constituted an old rule and was to be applied retroactively in collateral proceedings. In Chaidez v. United States, 655 F.3d 684 (7th Cir. 2011), the Court of Appeals for the Seventh Circuit, unlike the Third Circuit in Orocio, held that Padilla announced a new rule that does not fall within either of Teague's exception and cannot be applied retroactively in a collateral appeal. That case is currently before the United States Supreme Court on certiorari. It is Petitioner's contention that, by dismissing the Petition, the Court violated controlling Third Circuit case law and applied Seventh Circuit case law. Thus, Petitioner's motion for reconsideration is designed to correct manifest errors of law (a manifest error of law under Fed. R. Civ. P. 59(e), a substantive mistake of law under Fed. R. Civ. P. 60(b)(1), and matters overlooked under Local Rule 7.1(e) of the Court).

Petitioner is correct in his contention that "a district court has no choice but to apply the controlling case law of its own circuit," and that it is presently controlling law in this Circuit that Padilla constituted an old rule and is to be applied retroactively in collateral proceedings.

Turning to the government's motion for reconsideration, the government does not challenge the order of dismissal; it seeks to revise specific findings rather than the end result.

In Part 1 of the government's November 14, 2012 letter, the government objected to the Opinion's statement that the Petitioner's "present confinement results from [the Padilla] violation," slip. Op. at 2, and that "if Petitioner's state conviction were set aside there would no longer be a basis for the criminal charges now pending against him" id. at 13. The government argues, correctly, that Petitioner's present confinement results from his illegal re-entry into the United States having been previously deported. While this is true, it is also true that, until his conviction of an aggravated felony, there would have been no deportation and unlawful entry. Having found a Padilla violation, it is reasonable to note that his confinement results from it. There is no reason to address the issues and incorporate the language that the government addresses and suggests in the balance of Part 1 of its letter.

Part 2 of the government's November 14, 2012 letter builds upon an obvious misprint in the Opinion. The letter states "[t]he Opinion also appears to mistakenly describe Orocio's case holding and State v. Gaitan, 209 N.J. 339 (2012). At page 9 of the Opinion, the Court wrote "[i]n Gaitan the Court recognized that in Orocio, the Court of Appeals for the Third Circuit addressed the retroactivity issue and held that Padilla did constitute a new rule and was to be applied retroactively in collateral proceedings." From the context of this sentence, it should have been apparent that it was an error and should have read "the Third Circuit . . . held that Padilla

did <u>not</u> constitute a new rule and was to be applied retroactively in collateral proceedings." The order implementing this Opinion will correct that error.

Part 3 of the government's November 14, 2012 letter parallels the Passaic County Prosecutor's November 20, 2012 letter brief that argued, among other things, that the petition was not timely filed by virtue of the time limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The government has pointed out errors in footnote 1 appearing on age 13 of the Opinion sufficiently serious to warrant deletion of the footnote.

However, the issue remains whether Petitioner's Petition is barred by the AEDPA. That Act established a one-year period of limitation for the filing of habeas corpus petitions by state prisoners. 28 U.S.C. § 2244(d)(1). A petition must be filed within one year after the conclusion of direct appellate review or the expiration of the time for seeking review. The deadline is tolled by various circumstances, including "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." <u>Id.</u> § 2241(d)(1)(C).

The County Prosecutor agrees that, in the circumstances of this case, Petitioner has exhausted his state remedies, but neither he nor the government accepts the applicability of the newly recognized constitutional right tolling provision upon which Petitioner relies.

Petitioner relies upon the tolling provision of 28 U.S.C. § 2244(d)(2). <u>Padilla</u> was decided on March 31, 2010, and Petitioner's PCR motion was filed on January 26, 2011, which, according to Petitioner, left a window of more than two months within which to file a Petition for Writ of Habeas Corpus once the state court ultimately ruled on it. The PCR motion was denied

by the state court on April 27, 2012.  The Petition in the instant case was filed on May 16, 2012, nineteen days later.  This, according to Petitioner, complied with the AEDPA.

Petitioner's argument faces a dilemma.  For retroactivity purposes, which Petitioner must establish in order to have <u>Padilla</u> applicable to his case, <u>Padilla</u> must be an old rule.  In order for <u>Padilla</u> to extend the time to file his Petition under the AEDPA, <u>Padilla</u> must be a "newly recognized" constitutional right.  Other Circuits deem a "new rule" under <u>Teague</u> to be closely related to, or interchangeable with, a "newly recognized" right.  <u>See</u> e.g., <u>United States v. Mathur</u>, 685 F.3d 396, 398 (4th Cir. 2012), <u>Coleman v. United States</u>, 329 F.3d 77, 82 (2d Cir. 2003).

In part 4 of its November 14, 2012 letter, the government challenges the statements in the Court's Opinion generally to the effect that "[i]t appears on the basis of the undisputed facts that upon his 1997 plea of guilty to state charges, Petitioner was deprived of his federal constitutional rights;" and "no Respondent has challenged the merits of Petitioner's constitutional claim . . . that at the time of his state court plea Petitioner was denied the effective assistance of counsel."

In his November 20, 2012 letter, the Passaic County Prosecutor challenged the Court's conclusion that "No Respondent has challenged the merits of Petitioner's constitutional claim, namely, that at the time of his state court plea Petitioner was denied the effective assistance of counsel."

In his brief responding to the Petition and Petitioner's original brief, the Essex County Prosecutor raised only two issues: i) whether Petitioner was in the custody of the State of New Jersey; and ii) whether Petitioner's state PCR application was timely.  The Prosecutor neither submitted an affidavit of Petitioner's 1997 state court counsel, nor requested an evidentiary hearing.  In fact, he stated that "[i]n the interest of efficiency, therefore, the state limited its arguments to these two threshold issues (custody and timeliness)."  It is too late at this juncture,

after an Opinion has issued, to contest the facts alleged in the verified Petition and in Petitioner's Declaration and to seek an evidentiary hearing.

In its answer to the Petition, the government contended in its original brief that the only proper respondents are the state officials having custody over Petitioner, and that, "[a]ccordingly, the appropriate state officials will be responsible for addressing the merits of Petitioner's section 2254 claims."  The government submitted no evidence or argument concerning the Padilla claim, nor did it ask for an evidentiary hearing.  Thus neither the government nor the Passaic County Prosecutor's Office have asserted a basis for reconsideration or an evidentiary hearing of the Padilla issues.

Turning again to Petitioner's motion for reconsideration, he does not argue that his habeas corpus claim under 28 U.S.C. § 2254 should survive.  That claim was dismissed because neither the Essex County Prosecutor's Office nor any other State official has custody over Petitioner, and thus could not be subject to a habeas corpus petition.

The United States Marshal has custody and Petitioner asserts he should be released pursuant to 28 U.S.C. § 2241(c)(1) and (3).  It is Petitioner's contention that the Court, having found that Petitioner suffered a Padilla violation, ignored Third Circuit precedent, United States v. Orocio, supra, when it failed to grant Petitioner's release.

The Court did not ignore Orocio.  As an element of its finding that Petitioner's Padilla rights were violated, the Court necessarily had to hold, as Orocio mandates, that Padilla does not constitute a new rule and is to be applied retroactively in collateral proceedings.  This holding may not survive the Supreme Court's review of Chaidez v. United States, supra, but it is the law in the Third Circuit today.

While not expanded upon in its Opinion, this Court does not believe it has the power under 28 U.S.C. § 2241(c)(1) to interfere with the custody of a person who is confined pursuant to the lawful order of another judge of this Court.

Petitioner was arrested by Immigration and Customs Enforcement Officers, on November 7, 2010, for unlawful entry into the United States following his deportation.  He is now in custody facing criminal prosecution for violation of the INA.  He was remanded to the USMS by the order of a United States Magistrate Judge, on November 8, 2010.  These are all lawful proceedings.  Even if the state court were to grant Petitioner's PCR and allow him to withdraw his plea taken in violation of his Padilla rights, application for federal relief more properly is made to the judge who is handling his criminal case and presently has jurisdiction over him.  For this reason, the Petition against the United States Marshal was appropriately dismissed.

<u>**Conclusion**</u>

Treating the government's and the Passaic County Prosecutor's post November 5, 2012, communications to the Court as motions for reconsideration, the Court will dispose of the motions as follows:

1) Petitioner's motion for reconsideration is denied.

2) The motions of the Passaic County Prosecutor's Office and of the Government are denied,  except that the November 5, 2012 Opinion shall be modified in the following respects:

1) On page 2, line 10 of the text the date ("204") shall be changed to (2011).

2) On page 9 line 13 the words "held that <u>Padilla</u> did constitute a new rule" shall be changed to "held that <u>Padilla</u> did not constitute a new rule."

3) On page 13 footnote 1 will be deleted in its entirety.

10

<u>s/ Dickinson R.  Debevoise</u>

January 24, 2013                    DICKINSON R. DEBEVOISE
                                   U.S.S.D.J.